**LIVESAY INDUSTRIES, Inc. and Everett G. Livesay Window Company, Inc., Appellants.**

v.

**LIVESAY WINDOW COMPANY, Inc., Appellee.**

**No. 16759.**

United States Court of Appeals Fifth Circuit.

June 24, 1958.

Rehearing Denied July 28, 1958.

J. M. Flowers, Henry M. Sinclair, Don G. Nicholson, Miami, Fla., for appellant.

Ralph L. Chappell, New York City, Hollis Rinehart, Jr., William W. Gibbs, Walter Humkey, Miami, Fla., Kenyon & Kenyon, Fowler, White, Gillen, Yancey & Humkey, Rinehart & Gibbs, Miami, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

1

JONES, Circuit Judge.

The background against which this case arose may be found in two previous decisions of this Court: Livesay Industries, Inc., v. Livesay Window Co., Inc., 5 Cir., 1953, 202 F.2d 378, and Livesay Window Co., Inc., v. Livesay Industries, Inc., 5 Cir., 1958, 251 F.2d 469. Very briefly, the appellants, one of which was the owner and the other the licensee of a patent on a precast monolithic concrete window frame with Venetian blind guides, brought suit in 1949 against appellee Livesay Window Co., Inc. for patent infringement. The suit resulted in a decree for the plaintiff on October 8, 1951. This Court, in the 1953 decision cited above, affirmed that judgment with respect to the finding of infringement and reversed in part so that there might be an accounting as to the money damages resulting from the infringement. The accounting proceedings resulted in a judgment which was affirmed by this Court in 251 F.2d 469. Meanwhile, in 1952, appellants filed a petition for contempt against appellee Livesay Window Co., Inc., and one L. F. Bjorkman, alleging that the 1951 decree's injunction against infringement had been violated. At the conclusion of the plaintiff's case, a motion to dismiss was granted for failure to make out a prima facie case. No appeal was perfected from this order, which was entered in 1952. In the accounting proceedings mentioned above, the district court declined to allow any award for damages from infringement alleged to have occurred subsequent to the 1951 decree, on the ground that recovery of such damages would more appropriately form the subject of another action, such as one for contempt. No appeal was taken from this holding. There followed the case now being reviewed in which the appellants in 1956 filed a petition for a rule to show cause why Livesay Window Co., Inc., certain corporations alleged to have succeeded to that company's assets and business, and certain officers and directors of all the corporations named, should not be held in contempt for violation of the injunctive portion of the 1951 decree. The life of the patent had run by this time, and it was agreed that the primary purpose of the petition was to recover damages for the period between October 8, 1951, the effective date of the decree, and the expiration of the patent monopoly.

Upon the conclusion of the petitioner's case, the district court concluded that the evidence did not show a violation of the injunction and granted a motion to discharge the rule. Several questions have been raised on appeal, but only one will be considered because our resolution of it makes unnecessary a determination of the others. This question is whether or not the record evidence sustains the district court's determination that the injunction was not violated.

■ The pertinent portion of the decree of October 8, 1951, reads as follows:

"That the defendant, Livesay Window Company, Inc., a Florida corporation, its officers, employees, servants, workmen, agents, associates, attorneys, and all persons acting in conjunction with or under the control of said defendant be, and the same hereby are permanently restrained and enjoined from infringing upon United States Letters Patent No. 2,166,870, granted July 18, 1939, to Everett Gray Livesay, by making, causing to be made, using, selling, or offering for sale, any precast monolithic concrete window frame as exemplified by Defendant's Exhibit 'A' in evidence, or by making, causing to be made, using, selling, or offering for sale, any precast monolithic concrete window frame, with the knowledge, purpose, and intent, that it shall be used in the combination which will infringe the said patent. But nothing in this decree shall prevent the Defendant from making, causing to be made, using, selling, or offering for sale, any precast monolithic concrete window frame as constructed and exemplified by Defendant's Exhibit 'B' in evidence."

The "Exhibit 'A' frame" and its relation to the patented frame have been described in the opinion reported in 251 F.2d 469, 470. The "Exhibit 'B' frame" is essentially identical with the Exhibit A frame, except that it has no pintles or other devices to aid in installation of the Venetian blind guides. Its non-infringing character was affirmed by this Court. See 202 F.2d 378. The subject of the present contempt action is a third frame, known as either the "Exhibit 8 frame" or the "Exhibit 16 frame". The latter designation will be used hereafter in this opinion. It is not identical with either of the ones previously mentioned, but is similar to them and is distinguishable from the Exhibit A frame in the same way as is the Exhibit B frame. There is no claim that the Exhibit 16 frame was, of itself, an infringement of the patent. During the period involved, Exhibit 16 frames were sold in substantial quantities, many of those frames were altered by third parties after such sales by the addition of Venetian blind guides, and following such alteration the resulting window frames infringed the patent.

The gravamen of the petition was that, in contempt of the injunction, the Exhibit 16 frame was made and sold subsequent to the decree with the "knowledge, purpose, and intent" that it should be used in a combination which would infringe the Livesay patent. The immediate inquiry therefore is as to whether or not the acts of the appellees with respect to the manufacture and sale of the frames which were converted by others into offending items were done with the "knowledge, purpose, and intent" that such conversion would be accomplished.

The meaning of the part of the injunction involved in this inquiry should be made clear at the outset. The words are not dissimilar from those in 35 U.S.C.A. § 271(c). We understand them to be of a cautionary nature, inserted to forestall the defendant from conceiving and carrying out a scheme for circumventing the decree. The effect of the words is to prohibit the construction or sale by defendant of a precast monolithic concrete window frame with the specific purpose of use in an infringing combination and with the knowledge that it will be so used. Violation of that portion of the decree is not shown unless both knowledge and intent are proved to be present.

The trial judge was justified in finding from the evidence that the frames made and sold by the appellees after the decree were not constructed or sold specifically for use in an infringing combination, even though it was known that such adaptation was a common practice. There was credible testimony that the Exhibit 16 frames, like the Exhibit B ones, were being manufactured prior to October 8, 1951, and were sold for use in windows in which no Venetian blind guides were desired. The construction of those frames did not change following the decree in question. The trial court might have found that the Exhibit 16 frame had no characteristics not reasonably essential to any non-infringing precast monolithic concrete window frame and that, although capable of easy adaption to an infringing combination, the frame had no feature inserted primarily to foster infringement. In short, the element of knowledge was proven, but the element of intent could properly have been, as it was, determined to be lacking.

■ The district court permitted the introduction of the record of the accounting proceedings for use against the Livesay Window Co., Inc., the defendant in the accounting case, but excluded it as against the other appellees, because they had not been parties to that proceeding. That record included testimony concerning the Exhibit 16 frame. It is not necessary to consider the legal propriety of the district court's action. The case was properly decided in favor of Livesay Window Co., Inc., on a record which included the accounting proceedings record. There was neither allegation nor proof that the other appellees should be held in contempt except through Livesay Window Co., Inc., the specific subject of the injunction. The petitioners' evidence purported to treat the corporations as one and the individuals as officers and

**4**

shareholders acting within their powers as given them by the corporations. Therefore, the matter of intent failing as to Livesay Window Co., Inc., it failed as to the others. Moreover, the proof of intent was not strengthened by the inclusion of the evidence in the accounting record. The proof was for the most part the same and largely by the same witnesses in the two proceedings. No prejudice is shown to have resulted from the asserted error, as to which appellants themselves said: "It is probably immaterial." If there was error, it was harmless. Will v. Tornabells, 1910, 217 U.S. 47, 30 S.Ct. 424, 54 L.Ed. 660; 28 U.S. C.A. § 2111. See United States v. Borden Co., 1954, 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903; Cf. Rule 61, Fed.R.Civ. Proc. 28 U.S.C.A.

The judgment of the district court was based on substantial and adequate evidence. It is

Affirmed.